UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jack Harrison, | ) C/A No. 4:09-1152-RBH-TER |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| City of Saluda; Saluda County; Saluda County Sheriff; Cpl. Stephen Byrd; Mary Riley; William Bradley, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Jack Harrison ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on May 5, 2009. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants City of Saluda and County of Saluda ("Defendants") filed a motion for summary judgment on February 4, 2010. Because Plaintiff is proceeding pro se, the court issued an Order on or about February 5, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion for summary judgment could result in the dismissal of his complaint. The Roseboro Order was returned to the Clerk of Court's office via United States Postal Service on January 10, 2010, marked "Return to Sender." (Doc. #42).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with Orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff filed this complaint on May 5, 2009, and has not filed any documents with this court since August 2009. Pursuant to the Roseboro Order of February 5, 2010, plaintiff was to respond to the motion for summary judgment by March 11, 2010. However, the Roseboro Order was returned to the Clerk of Court's office via United States Postal Service on March 10, 2010, marked "Return to Sender." (Doc. #42). Plaintiff has not responded to Defendants' motion for summary judgment. Plaintiff has not provided the court with an updated address. The undersigned concludes the Plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) as to all

Defendants for failure to provide the court with his current address.

## II.  CONCLUSION

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice as to all Defendants.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 17, 2010
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**